FILED
United States Court of Appeals
Tenth Circuit

March 29, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TOMAS HERNANDEZ,

　　　　Plaintiff–Appellee,

v.

JACOB GRANT; BRYAN KILLINGER;
JOSEPH MANNARINO,

　　　　Defendants–Appellants.

No. 12-2152
(D.C. No. 1:11-CV-00822-JAP-SMV)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

　　　　After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

　　　　Plaintiff Tomas Hernandez brought this action against Defendants, three Albuquerque police officers, alleging constitutional violations under 42 U.S.C. § 1983 arising out of a seizure that took place on May 19, 2011. On that day, Defendant Officer

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Joseph Mannarino responded to a report of a possible burglary at a residence on Summer Breeze Drive in northwest Albuquerque. As the officer was investigating at the scene, he heard the sound of a car driving down Summer Breeze Drive. The officer went to the front of the residence where he saw a man, later identified as Plaintiff, drive by in what he described as a suspicious manner. Plaintiff disputes several of the officer's observations and the conclusion that he was driving in a suspicious manner. The officer reported Plaintiff's vehicle to dispatch, which resulted in two plain-clothes officers responding to the call. After arriving at Plaintiff's home, the officers waited for approximately one hour while Plaintiff was inside. As Plaintiff began to pull out of his garage, the officers effected a "felony stop," ultimately detaining Plaintiff in handcuffs for between seven and fifteen minutes. The detention continued until a police sergeant, who was acquainted with Plaintiff, arrived at the scene, verified that Plaintiff was not the burglar, and ordered his release.

As a result of this incident, Plaintiff brought this action asserting several claims, including an unreasonable search and an unreasonable seizure claim, against Defendants. In this interlocutory appeal, Defendants challenge the district court's denial of their motion for summary judgment on Plaintiff's unreasonable seizure claim based on qualified immunity and the district court's denial of their motion to dismiss Plaintiff's unreasonable search claim for failure to state a claim. The district court concluded there were disputed material facts regarding whether Defendants' seizure of Plaintiff was justified at its inception by reasonable suspicion of criminal activity and whether the

techniques used by Defendants transformed the investigative detention into an arrest, thereby requiring probable cause. The district court then concluded Plaintiff had sufficiently pled his unreasonable search claim so that dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure was not warranted. In the alternative, and "[t]o the extent the complaint might be insufficient," the court "treat[ed] Plaintiff's response to the motion for summary judgment as a request to amend the complaint, and grant[ed] it." (R. at 193.)

Before turning to the merits of Defendants' appeal, we must first address the extent of our jurisdiction. "Although orders denying summary judgment are ordinarily not appealable, we have interlocutory jurisdiction over denials of qualified immunity at the summary judgment stage to the extent that they 'turn[ ] on an issue of law.'" *Fogarty v. Gallegos*, 523 F.3d 1147, 1153 (10th Cir. 2008) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) (alteration in original)). "Under this limited jurisdiction, we may review the district court's abstract legal conclusions, such as whether the law was clearly established at the time of the alleged infraction." *Id.* at 1153-54. "At this stage, however, we are not at liberty to review a district court's factual conclusions, such as the existence of a genuine issue of material fact for a jury to decide, or that a plaintiff's evidence is sufficient to support a particular factual inference." *Id.* at 1154. However, "[w]hen a district court denies qualified immunity because of a factual dispute, that finding is not jurisdictionally dispositive on appeal if the defendants argue that immunity applies even under the plaintiff's version of the facts." *Armijo ex rel. Armijo Sanchez v. Peterson*, 601

F.3d 1065, 1070 (10th Cir. 2010) (internal quotation marks omitted).

Plaintiff maintains we do not have jurisdiction to consider Defendants' appeal because the denial of qualified immunity was based on the district court's conclusion that there were genuine issues of material fact for a jury to decide. Defendants argue jurisdiction is proper because they are entitled to qualified immunity even considering the disputed facts in the light most favorable to Plaintiff. However, Defendants' briefing belies this assertion. In arguing they are entitled to qualified immunity on Plaintiff's unreasonable seizure claim, Defendants repeatedly rely on their version of disputed facts. For instance, Defendants maintain they had reasonable suspicion to seize Plaintiff based, in part, on the fact the residence was in a vacant area, there had been problems with residential burglaries in the section of town where the residence was located, and Plaintiff "decreased his speed and stared at Officer Mannarino" as he drove by the residence. (Appellant's Opening Br. at 29.) Plaintiff disputed these facts. He offered evidence supporting his position that the residence was located on a route frequently used to access Interstate 40, he was unaware of any burglaries taking place in the neighborhood (as compared to the larger Northwest Area Command where the officers testified there had been several residential burglaries), and, finally, he merely slowed "from 20 miles an hour to 15," "looked at [the officer] and just kept driving." (R. at 116.) Because Defendants' argument is based on disputed facts, we lack jurisdiction to review the district court's denial of qualified immunity.

We turn then to Defendants' appeal of the portion of the district court's order

denying their motion to dismiss Plaintiff's unreasonable search claim. Because "[t]he sufficiency of a complaint is a question of law, as is the existence of a clearly established constitutional violation," we have jurisdiction over this portion of Defendants' appeal. *Glover v. Mabrey*, 384 F. App'x 763, 767 (10th Cir. 2010).

Defendants argue the district court erred in concluding Plaintiff's complaint contained sufficient allegations to state an unreasonable search claim. However, the district court not only determined Plaintiff's claim was sufficiently pled, but further held, to the extent the complaint was insufficient, the court would treat Plaintiff's response to Defendants' motion as a motion to amend and grant that motion. Defendants do not challenge the district court's grant of Plaintiff's motion to amend. Nor do they argue the district court erred in refusing to dismiss the complaint, as amended, under Rule 12(b)(6).[1] We therefore have no basis from which to evaluate the district court's decision and need not reach this issue.

For the foregoing reasons, Defendants' appeal is **DISMISSED** in part. The portion of the district court's order denying Defendants' motion to dismiss Plaintiff's unreasonable search claim is **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] In his answer brief, Plaintiff highlighted Defendants' exclusive reliance on his original complaint. Defendants did not address this issue in their reply.